Shauck, J.
A more extended statement of the allegations of the petitions is not necessary since in each case the only question to be considered is *46 the constitutional validity of the statutes to create the municipal courts of Cincinnati and Dayton. Though differing in some of their detailed provisions, in the respects as to which their constitutional validity is challenged, the acts are identical. They provide for the merging of the courts of justice of the peace and police courts in both of the cities named, for the election of judges thereto, and changing the name to the municipal court of the city, conferring upon it not only the jurisdiction of the courts that are merged, but further jurisdiction taken from, the court of common pleas of the county. They provide for the election and qualification of judges, the organization of the court and the fixing of salaries; providing in each case that the present judge of the police court shall be the presiding judge of the municipal court during his term of office. Naturally those who deny the validity of this legislation recur to the requirements of the constitution with respect to uniformity of legislation upon subjects of a general nature. As naturally those who maintain the validity of the legislation recur to The State, ex rel. Attorney General, v. Bloch, 65 Ohio St., 370. While the doctrine of that case has not met with universal approval, it is now to be taken as authority for all that it decides. That case and contemporaneous and subsequent legislation creating a court of insolvency in Hamilton county, municipal courts in other cities, and conferring jurisdiction in divorce and in the partition of lands upon probate courts in several named counties of the state, have recognized in the legislature as large a power under the constitutional authority to create other courts in *47 ferior to the supreme court as has been exercised in the present cases. In all of those cases the jurisdiction of the court of common pleas in the several counties was invaded as it is by the terms of the statutes now under consideration'.
A further objection is that by the terms of these statutes a new office is created, that is, the office of presiding judge of the municipal courts in the cities named, and that the legislature by designating the present judge of the police court to be the presiding judge has practically exercised the power of appointment. But upon considerations which we do not think it necessary to review here, in State, ex rel., v. Hunt, 84 Ohio St., 143, it is decided that the supervising judge does not by virtue of that distinction hold an office additional to the office of judge of the court of common pleas, and by parity of reasoning the same conclusion must be reached in these cases.
The validity of the acts is further challenged upon the ground that they are in contravention of the provisions of Article XVIII of the Constitution as amended in September, 1912. In support of that conclusion it is urged upon our attention that all laws affecting cities must now be general laws, else they are subject to the home-rule provisions of the article referred to. But the force of this objection disappears when it is remembered that at the time of the decision of State, ex rel., v. Bloch, and the passage of the other statutes referred to, laws of uniform operation throughout the state were required upon all subjects of a general nature and that the provisions of Article XVIII as amended have no relation to the judicial organization of *48 the state, but only to the government of municipal corporations. It seems quite clear that special acts of the character of these may stand against a provision as to general laws for the government of corporations quite as firmly as against the constitutional provisions formerly in force.
In the light of the cases cited we see no valid objection to those provisions of~ these acts which relate to the organization and jurisdiction of the municipal courts in the cities named. If there are invalid provisions with respect to salaries, they do not require consideration here.

Peremptory writs allowed.

Nichols, C. J., Johnson, Donahue, Wanamaker and Wilkin, JJ., concur.